THE UNITED STATES BANKRUPTCY COURT NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION

| | |
|---|---|
| In re: | ) |
| KEVIN FARMER | ) |
| Debtor | ) |
| | ) |
| *Kevin Farmer (Pro-se* | ) |
| *plaintiff* | ) |
| *V.* | ) |
| *Pangea Ventures LLC.* | ) |
| *DefenDant* | ) |

Case no. 23-17192

**FILED**
UNITED STATES BANKRUPTCY COURT
NORTHERN DISTRICT OF ILLINOIS
JAN 26 2024
JEFFREY P. ALLSTEADT, CLERK

## DEBTORS NOTICE OF REMOVAL PURSUANT TO RULE 9027(a)

TO THE CLERK OF THE UNITED STATES DISTRICT COURT OF NORTHERN
DISTRICT OF ILLINOIS, EASTERN DIVISION, please take notice that debtor, Kevin
Farmer, removes Cook County Circuit Court Case No. 2023 L 010 176.

Debtor is seeking to remove all causes of actions in the attached complaint
filed on October 5, 2023, which debtor is claiming damages up to 8,000,000.00.
Currently there is no trial date set for hearing and debtor was ordered to respond to
defendants motion to dismiss by February 29, 2024. Debtor has approached the
USDOJ office, as well as, Trustee Karen Goodman about the potential claim and
asked for assistance, as well as, listed his claim onset when he filed the chapter 7. In
response, USDOJ trustee attorney Adam Brief, briefly spoke with debtor over the
phone and acknowledged that by law it is debtors responsibility to report the civil
action. Since debtor is attempting to restart his credit and life, he has submitted ALL

paperwork that he is aware of to proceed, which includes documents for his 341 creditors meeting.

## STATEMENT OF FACTS

Debtor filed the attached claim for damages on October 5, 2023 (Jury Trial Demanded) and the defendant served on October 13, 2023. On December 5, 2023, defendant admitted to the court through counsel that it had not received service. Debtor provided an affidavit of service. After the affidavit was provided to the court, plaintiff compelled the court to have the defendant admit to perjury. The defendant then alleged that the person served by the Cook County Sheriffs Department had not worked for defendant for two months prior to service. The circuit court allowed both answers and ordered the parties to proceed, which plaintiff filed an amended answer to remove Bluhm Legal Clinic, due to the fact that the court refused to try the matter of perjury. The trial court has ordered plaintiff to respond to defendants motion to strike by February 29, 2024, whereas, the hearing on both matters is set for March 11, 2024; Hence, plaintiff was included in a string of emails, where he believes that defendant is attempting to piggyback a motion to dismiss the entire case, which plaintiff withdrew his appearance for January 30, 2024 prior to finding out about the piggyback. Defendant claimed that the piggyback motion isnt for the motion to

dismiss, however, plaintiff will not be able to attend the hearing.

As of January 25, 2024, debtor has filed a motion in opposition to USDOJ trustee motion to dismiss plaintiff. During a brief hearing on January 24, 2024, debtor was attempting the dismissal of his bankruptcy; however, debtor will need to refile immediately to prevent the certificate of credit counseling from expiring, and stay within filing guidelines so that debtor multiple bankruptcy filings will not increase.

Unless this court allows arbitration or a Jury trial as plaintiff demanded on the cover of his complaint, plaintiff does not consent to any orders that this court may deem necessary.

Respectfully,

Kevin Farmer 01/25/2024

Kevin Farmer
801 E. Drexel Square, #2J
Chicago, Il 60615
email:knf525625@gmail.com

FILED
12/14/2023 1:12 PM
IRIS Y. MARTINEZ
CIRCUIT CLERK
COOK COUNTY, IL
2023L010176
Calendar, I
25602546

FILED DATE: 12/14/2023 1:12 PM   2023L010176

## IN THE CIRCUIT COURT OF COOK COUNTY, ILLINOIS
## COUNTY DEPARTMENT, LAW DIVISION

|  |  |  |
|---|---|---|
| KEVIN FARMER | ) | |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | CASE NO. 2023 L 010 176 |
| | ) | |
| PANGEA VENTURES, LLC. | ) | |
| | ) | |
| Defendant(s) | ) | |

FILED
UNITED STATES BANKRUPTCY COURT
NORTHERN DISTRICT OF ILLINOIS
JAN 26 2024
JEFFREY P. ALLSTEADT, CLERK

**MOTION FOR: RECONSIDERATION (OBSTRUCTION OF JUSTICE WITH EVIDENTIARY FACT(S))  FOR ORAL RESPONSE FILED AND MOTION TO COMPEL DEFENDANT TO FILE RESPONSIVE MEMORANDUM TO STATEMENT(S) MADE TO THIS COURT IN REFERENCE TO BOTH ORAL RESPONSES:**

### OBSTRUCTION OF JUSTICE ( 720 ILCS 5/31)

Plaintiff is requesting this courts reconsideration of his claim; Whereas defendant, (Pangea Ventures LLC.),committed Obstruction of Justice, during the court proceeding on December 5, 2023, as well as, December 13, 2023.

**On December 5, 2023:** Defendant through its counsel appeared with no explanation to how defendant knew of proceeding, and  clearly stated that **defendant had not been served**; in response, this court advised plaintiff that he would need an affidavit of service, which plaintiff understood would support his allegation that plaintiff was served. **Attached as Exhibit A Obstruction and filed herewith, is an evidentiary copy of the stated affidavit of service.**

**On December 13, 2023:** Defendant through its counsel responded to plaintiff's claims of perjury, as well as, obstruction of justice by changing its statement and claiming that, on October 13, 2023, Diamond Hughes-White, a black female who stated she was age 30, or produced ID to acknowledge age, was someone who had not worked for Pangea Ventures LLC., for over two months on the date the summons/complaint was served.

FILED DATE: 12/14/2023 1:12 PM   2023L010176

**IN RELATED CASE NO. 2023-cv-15401:** On November 13, 2023, defendant filed a responsive memorandum in the **Northern District of Illinois Courts, Eastern Division;** whereas it acknowledged plaintiffs complaint, as well as, the claim amount of 8,000,000.00. In addition, the defendant acknowledges that the plaintiff speaks of conspiratorial allegations in his second law division case.

## CONTEMPT OF COURT:

Defendant through its counsel has physically appeared and orally denied being served, as well as, changed the narrative of service within a week. Defendant's response(s) was presented 52-60 days after the Cook County Sheriff Department actually served the defendant, and documented the race, sex, and age of the female who accepted the service. Defendant did not indicate that its motion to dismiss would include a failure of service; however, plaintiff will redress the motion of dismiss, in accordance with claim law.

Plaintiff released defendant Bluhm Legal Clinic with prejudice, which changes the face and allegations of the complaint. Plaintiff clearly understands the deficiencies in his complaint; however, those deficiencies clearly arise from actions taken against him post filing of defendants eviction.

FILED DATE: 12/14/2023 1:12 PM    2023L010176

Regards


/s/  Kevin Farmer, 12/14/2023


Kevin Farmer
801 E. Drexel Square, #2J
Chicago, Il 60615
Email: knf525625@gmail.com
Cell: 872-777-0922

Hearing Date: No hearing scheduled
Location: <<CourtRoomNumber>>
Judge: Calendar, I

FILED
1/17/2024 10:24 AM
IRIS Y. MARTINEZ
CIRCUIT CLERK
COOK COUNTY, IL
2023L010176
Calendar, I
25997525

FILED DATE: 1/17/2024 10:24 AM   2023L010176

## IN THE CIRCUIT COURT OF COOK COUNTY ILLINOIS,

## COUNTY DEPARTMENT OF LAW DIVISION

|  |  |
|---|---|
| | ) |
| | ) |
| | ) Case no: 2023 L 010 176 |
| Kevin Farmer, | ) **AMENDED COMPLAINT** |
| | ) |
| Plaintiff, | ) **VIOLATIONS OF:** |
| | ) **705 ILCS 60 103- 9.** |
| v. | ) **705 ILCS 205/Attorney Act/Violation** |
| | ) **of ILL.Sup.Ct.R.8.4.** |
| Pangea Ventures LLC & | ) **735 ILCS 5/Abuse of Process/CCP.** |
| ITS UNKNOWN | ) **740 ILCS 80/ Frauds Act.** |
| AGENTS. | ) **720 ILCS 5/8-2.1/Civil Conspiracy Act.** |
| | ) **775 ILCS 5/ Illinois Human Rights Act.** |
| Defendant. | ) **765 ILCS 705/720  Retaliatory Eviction** |
| | ) **ACT.** |
| | ) **215 ILCS 5/423 Unfair Competition Act.** |
| | ) **215 ILCS 5/154.6 Unfair Claims Act.** |
| | ) **IIED Mental Anguish Statute.** |
| | ) **JURY TRIAL DEMANDED.** |

## <u>PLAINTIFFS AMENDED COMPLAINT</u>

FILED DATE: 1/17/2024 10:24 AM  2023L010176

## *INTRODUCTION*

Plaintiff (Kevin Farmer), respectfully amends this complaint pursuant to **735 ILCS 5/2-616(a).** Amendment is necessary due to plaintiff's discovery of newly evidentiary supported violation(s) of plaintiffs right(s), defendant Pangea Ventures LLC., attorney misconduct, and intentional retaliatory actions by defendant Pangea Ventures LLC.

Plaintiff also amends his complaint in order to withdraw, former defendant Bluhm Legal Clinic. Plaintiff believes to be true that defendant Pangea Ventures LLC., conduct is so egregious, that deceptional practices is a part of BAU, which extends to anyone or entity that does business or is in opposition to its practices.

## *JURISDICTION AND VENUE*

*Jurisdiction.* State courts have  jurisdiction over claims arising out of violations of: 705 ILCS 60 103 9.,705 ILCS 205/Attorney Act/Violation of ILL.Sup.Ct.R.8.4.,735 ILCS 5/Abuse of Process/CCP.,  740 ILCS 80/ Frauds Act., 720 ILCS 5/8-2.1/Conspiracy,   775 ILCS 5/ Illinois Human Rights Act.,765 ILCS 705/720  Retaliatory Eviction Act.,815 ILCS 505/12, and claims arising out of intentional infliction of emotional mental anguish.

*Venue.* Plaintiff alleges that Cook County, currently is the proper location for the venue, as well as, both defendants conduct business within this county.

## *PARTIES*

Plaintiff is, and at all times has been relevant to this action, as an resident of the county of Cook, in the State of Illinois. Plaintiff is, and at all times relevant to this action was, a "person" defined under **735 ILCS 5/Art. II Pt. 4 heading.**

FILED DATE: 1/17/2024 10:24 AM   2023L010176

Plaintiff is ignorant of the  true name(s) and professional capacities of all defendants in relation to Pangea Ventures LLC., that are involved, in reference to claims arising out of the above mentioned violations of plaintiffs right(s).

Defendant, in related case no. 2023-cv-03000, filed a sealed document of agent(s) names associated with the LLC., in order to prevent the plaintiff from suing members/agents of its LLC. Based on the undisputed facts, plaintiff believes to be true, and further alleges that each defendant worked in proximity with one another, with intent, negligence, and conspiracy, to harm, and injure plaintiff, which caused the damages plaintiff is claiming. Plaintiff believes to be true, that Pete Martay and Chris Wunder are the head conspirators of the organized criminal acts taken against plaintiff, specifically targeting mental anguish.

### *STATEMENT OF CLAIM(S)*

Now comes Kevin Farmer, individually and as a Pro Se litigant, file multiple-claim(s) against the above-named defendant for violations of his right(s) under State and Federal statutes. The actions by defendant and its counsel caused irrevocable mental anguish that placed the plaintiff under extreme duress, fear, and panic. Plaintiff also is claiming injury due to intentional negligence due to a carbon monoxide leak, as well as, claims of civil conspiracy and civil fraud. Plaintiff supports his statement of claims with the following allegations supportive with indisputable evidence:

### *PRELIMINARY ALLEGATION(S) AND SUPPORTIVE FACT(S)*

### *PLAINTIFF INJURY AND FIRST RETALIATORY ACTION BY SOME UNKNOWN AGENT(S)  NAMES OF DEFENDANT. VIOLATION OF PLAINTIFFS RIGHTS UNDER ( 765 ILCS 705/720  Retaliatory Eviction Act.)(720 ILCS 5/8-2.1/Civil Conspiracy Act).*

**1.   Plaintiff alleges and believes to be true, that the reporting of the unsafe exit to the City of Chicago, and Pangea Ventures LLC. residential care is the onset of Pangea Ventures LLC. (agents) retaliatory action(s) taken against him.**

2.   On or around October 22, 2020, plaintiff injured himself after he exited the second floor door. The second floor exit is a rooftop walkway (100-200ft) which is connected to wooden steps that lead to the laundry room, or alley where the garbage dumpsters are located. On the day of the injury, the weather was drizzly/rainy and the rooftop held water, which caused the steps to be extremely slippery and the plaintiff slid from the top of the first step to the first landing.  Plaintiff

FILED DATE: 1/17/2024 10:24 AM   2023L010176

suffered a fractured tailbone, severe bruising on buttocks, severe bruising on left side leg, which stemmed from the bouncing action sliding down the steps.  **Attached and filed herewith as Exhibit A, is a copy of Pangea Ventures LLC., resident portal history showing plaintiffs report of injury to resident care representative, Urgent Care Report, and Injury area  Photos solicited by Delisa Edwards and Bryan Culler (area property managers).**


3.   **Plaintiff alleges and believes to be true, that the following incident conducted by property manager Delisa Edwards, was out of retaliation for plaintiff complaining to residential care about his injury and contacting the City of Chicago.**

On or around August 27, 2021, plaintiff received an annual inspection notice on his door (8am-8pm), however, in or around April 2021. Plaintiff contacted resident care to obtain a time frame of the inspector's arrival, which he was told that it was a surprise inspection. During that phone conversation, plaintiff questioned if anyone had addressed his injury and reported that he needed a weather strip on his door, in response, the representative stated that she was sending a message to the property manager (maintenance request #1954604).

On August 30, 2021, a neighbor noticed Delisa Edwards leaving the plaintiffs apartment. Later that evening (around 6pm), Delisa Edwards arrived at plaintiffs resident again claiming to do the inspection and served the plaintiff with a 10 day notice about his pitbull, which was within 72hrs after plaintiff complained to Resident care about his injury. Delisa Edwards entered the apartment and stated "That Dog has to go, you're disrespecting your neighbors" (two other families on the floor beneath plaintiff owned a larger breed aggressive dog, and one particular familys dog was a pitbull mix, however, neither was served with a 10 day notice).In response, plaintiff questioned Delisa Edwards to the fact that he had reported his dog to residence care and the previous property manager (Sheriue), whom did not have a problem with the dog, as well as, the fact that she appeared with a 10 day eviction notice claiming she knew nothing about the pitbull, however, plaintiff was told he did not need to be present for the inspection.

On September 3, 2021, plaintiff obtained a certified ESA document for his pet, along with a letter of diagnosis from his psychiatrist, which outlined his mental disability and his rights under the ADA. Plaintiff filed a complaint of retaliation, requested to file a claim for his injury, along with a copy of ESA paperwork, psychiatric diagnosis  letter to Bryan Cullers(area supervisor) via email. **Attached and filed herewith as Exhibit B, is a copy of the stated ESA psychiatrist diagnosis letter.**

FILED DATE: 1/17/2024 10:24 AM   2023L010176

4.   **Plaintiff alleges and believes to be true,  that the following communication from Bryan Cullers, was intended to deceive plaintiff into thinking that his injury had been addressed by a claims examiner, and that Pangea Ventures LLC., was offering to pay related medical expenses only based on that review.** At that time, Bryan Cullers never mentioned the name Dave MacMillan, who is a contracted risk management claims examiner with TransGlobal Adjusting and has been handling ALL of defendants injury claims since 2015.

5.   On or around September 20, 2021, plaintiff received a response from Bryan Cullers, in reference to filing a claim with Pangea Ventures LLC., liability insurance. According to Bryan Cullers, Pangea Ventures LLC., offered to pay plaintiffs medical expenses. **Attached and filed herewith as Exhibit C, is a copy of stated communication from Bryan Cullers.**


***PANGEA VENTURES LLC., SECOND RETALIATORY CONSPIRACY ATTEMPT TO EVICT PLAINTIFF, AFTER HE ATTEMPTED TO FILE AN INJURY CLAIM WEEKS PRIOR TO PLAINTIFFS RIGHTS TO FILE A LAWSUIT STATUTE OF LIMITATIONS EXPIRATION (765 ILCS 705/720  Retaliatory Eviction Act.)***


6.   **Plaintiff  alleges and believes to be true, agents for defendant intentionally filed the related eviction complaint, case no. 2022 M1 717471, on November 7, 2022, out of retaliation, for defendant plaintiff asserting to file an injury claim (via email to executive management) on October 18. 2022.** Plaintiff further alleges, the filing was part of a civil conspiracy and intentionally done to place plaintiff under mental anguish out of retaliation. **Attached and filed herewith as Exhibit D, is a copy of the stated eviction complaint and the October 18, 2022 email.**

7.   Plaintiff alleges and believes to be true, agent Jennifer Dean, intentionally through the E-file system, executed a eviction complaint (covered page  which was procured under false pretense and in order to conceal the fact that defendant engaged in payment arrangements with plaintiff, as well as, accepting and posting a sum of $1,050.00 in multiple payments, from the plaintiff two weeks prior  defendant executing the eviction complaint. **Attached and filed herewith as Exhibit E, is a copy of the stated payment(s) toward the 30 day notice made by plaintiff.**

FILED DATE: 1/17/2024 10:24 AM   2023L010176

8.   Plaintiff alleges and believes to be true, defendant Pangea Ventures LLC., (agents) knowingly and willfully locked plaintiff out of his payment history screen in an attempt to prevent plaintiff from obtaining copies of his federal banking wire transfer to defendant Pangea Ventures payment transaction account.

9.   **Plaintiff alleges and believes to be true, the eviction complaint filed represents the 30 day notice, the plaintiff was served, for the partial month of August 2022, and a full month of September 2022, and the reason for eviction intentionally was checked, which states the tenant paid no rent.**

10.   **Plaintiff alleges and believes to be true, that all agents responsible for approving the eviction complaint filing, was informed and aware of the fact, the 30 day became null and voided after payments where accepted and posted after October 15, 2022, which is the expiration date to have the full payment of the notice posted.**

11.   **Plaintiff alleges and believes to be true that he was on payment arrangement, as well as, the fact that he emailed agents of defendant each time he made a partial payment through defendants payment management system "WIPS". Plaintiff further alleges that the payment arrangement agreement voided the 30 day notice, as stated in the language of the notice.**

**DEFENDANT PANGEA VENTURES LLC. THIRD RETALIATORY ACTIONS AGAINST PLAINTIFF IN RELATION TO INJURIES**

12.   **Plaintiff re-alleges and believes to be true, defendant Pangea Ventures LLC., deceitfully, intentionally, and willfully retaliated against plaintiff by secretly refusing to submit plaintiffs back, leg, wrist, and buttocks injury claim to its contracted risk management TransGlobal Adjusting.**

13.   **Plaintiff alleges and believes to be true, defendant Pangea Ventures LLC., retaliated against plaintiff by refusing to respond to plaintiff's emails in reference, to plaintiffs inquiries about the Chicago Fire Department, and Peoples Gas response to the carbon monoxide leak on or around November 25, 2022, which occurred in apartment 1E, which is  directly below plaintiffs.**

14.   **Plaintiff alleges and believes to be true, defendant Pangea Ventures LLC., intentionally refused to accommodate the plaintiff with its resistance to repair the rooftop/wood steps exit to his second floor apartment.**

FILED DATE: 1/17/2024 10:24 AM   2023L010176

15.  Plaintiff alleges and believes to be true, defendant Pangea Ventures LLC., retaliated against plaintiff when maintenance and management concealed the fact that apartment 1E had an uncontrollable carbon monoxide leak due to construction within the apartment.

16.  Plaintiff alleges and believes to be true, defendant Pangea Ventures LLC., accommodated tenant Talique Solwazi from apartment 1E to a second floor apartment due to the uncontrollable carbon monoxide leak, and refused to accommodate plaintiff by at minimum responding to his emails about becoming ill during the time of the leak.

## *DEFENDANTS ILLEGAL CIVIL ACTION(S) AGAINST PLAINTIFF THAT VIOLATED HIS RIGHTS UNDER:*

705 ILCS 205/Attorney Act/Violation of ILL.Sup.Ct.R.8.4.

705 ILCS 60 103- 9.

735 ILCS 5/Abuse of Process/CCP.

740 ILCS 80/ Frauds Act.

720 ILCS 5/8-2.1/Civil Conspiracy Act.

215 ILCS 5/423 Unfair Competition Act.

17. Plaintiff alleges and believes to be true, all counsel (officers of the court) representing defendant has intentionally and continues to intentionally, defraud, obstruct justice, commit perjury, continue with hearings that are clearly the root of a fraudulent filed eviction.

18. Plaintiff alleges and believes to be true, defendants egregious action(s) through its counsel, in the related state eviction action (case no. 2022 M1 717 471) violates his Fourteenth Amendment and is discriminatory, for the fact that an enforced retaliatory eviction violates plaintiff constitutional rights, after he has complained pre/post eviction filing about a faulty emergency exit that resulted in his injury.

### *FIRST CAUSE OF ACTION*
### *VIOLATION OF:*
### *( 705 ILCS 205/Attorney Act/Violation of ILL.Sup.Ct.R.8.4.)*

19.  Plaintiff re-pleads, re-alleges, and incorporates each and every allegation incorporated in this complaint.

   (I).  Attorney(s) representing defendant in related this case, as well as, related case no(s) 2022 M1 717 471, 2023 L 010 176, 2023 cv 03000, 2023 cv 15401, 23-14215, and 23-17192, conduct

FILED DATE: 1/17/2024 10:24 AM   2023L010176

against plaintiff has been so egregious and deceiving to Cook County Circuit Courts, they have violated Rule 8.4 for abuse of process, fraud upon the court, misrepresentation, obstruction of justice, concealment of facts, and knowingly/willfully oppressing plaintiff in court hearing(s) with the knowledge of plaintiffs facts that vindicate him from an retaliatory unlawful eviction. Counsel utilized the court system in a manner that is fraudulent and deceitful in order to attain a goal of covering up fraud.

(2). The filed eviction complaint is evidential fact that defendants attorneys have continued to pursue a summary judgment, although knowingly, the documents filed that support the eviction complaint are fraudulent,  conceal plaintiffs payment arrangements, defendants posting of those arranged payments, and plaintiffs attempt to file an injury claim two weeks prior to the eviction.

(3). Attorney(s) for defendants have all willfully utilized deceit and practiced unfairly by luiring the plaintiff in more than several court hearings, have misled the plaintiff and the courts with obstruction of justice tactics that are completely unethical. Besides the fact that the municipal court with the pending eviction litigation has been defrauded, attorneys have defrauded the law division, as well as, the district courts civil and bankruptcy with the filing of motion for an extension of time, which was only to delay proceedings, as well as, avoid answering the related complaint, which would have triggered an answer for the eviction complaint.

(4). Chris Wunder and Jason Hunter demonstrated a perfect example of fraud upon the court and obstruction of justice in related case no. 2023 L 010 176; whereas, Jason Hunter lured plaintiff into withdrawing a motion to strike defendants filing of a motion of extension of time, in exchange for cooperation and to work with plaintiff to redress his allegations. Chris Wunder along with Jason Hunter at all times refused to respond to plaintiff and the law division court with an order supporting defendants motion for extension of time.

(5). Chris Wunder has knowingly continued to harass plaintiffs through the form of concealing facts that would vindicate and end unnecessary litigation. Chris Wunder has further utilized pleadings to slander and seek sanctions against plaintiff after knowing that the root cause of a messy litigation stems from a fraudulent eviction filing by Jennifer Dean.

### SECOND CAUSE OF ACTION
### VIOLATION OF:
### <u>(705 ILCS 60 103- 9)</u>

20.  Plaintiff re-pleads, re-alleges, and incorporates each and every allegation incorporated in this complaint.

FILED DATE: 1/17/2024 10:24 AM   2023L010176

(1). Defendant and its counsel concealment of facts to the Federal and State courts in order to pursue a path of harassment against plaintiff violated his personal liberty rights. This path of harassment has led to plaintiffs unnecessary pleadings and defending of civil rights, which has also consumed his time and caused an overdue amount of stress and anxiety.

(2). Defendant at all times had been notified and was well aware of plaintiffs mental diagnosis, which is a qualifying diagnosis under the ADA.

### THIRD CAUSE OF ACTION

### VIOLATION OF:

### (735 ILCS 5/Abuse of Process/CCP)

21.  Plaintiff re-pleads, re-alleges, and incorporates each and every allegation incorporated in this complaint.

(1). Defendants filing and pursuit of a summary judgment against plaintiff, in the related retaliatory eviction case, violated plaintiff's protected rights and done with the intent to commit abuse of process under the above referenced statute.

(2). All of defendants' pleadings, appearances, and statement(s) to the court are procured upon fraud and further identifies as abuse of process.

### FOURTH CAUSE OF ACTION

### VIOLATION OF:

### ( 740 ILCS 80/ Frauds Act.)

22.  Plaintiff re-pleads, re-alleges, and incorporates each and every allegation incorporated in this complaint.

(1).  Defendant violated plaintiffs rights by committing fraud with the underlying eviction complaint, which snowballed into a fraud corruption case, in its attempt to cover up the root of the fraud.

### FIFTH CAUSE OF ACTION

### VIOLATION OF:

### (720 ILCS 5/8-2.1/Civil Conspiracy Act.)

23.  Plaintiff re-pleads, re-alleges, and incorporates each and every allegation incorporated in this complaint.

(1).  Defendant premeditated actions that willfully caused the filing of the fraudulent retaliatory eviction violated plaintiffs rights under civil conspiracy laws. Defendant intentionally concealed and ignored the fact(s) that its agents accepted payment arrangements and payments toward the 30 day eviction notice that defendant claims no payment was made from plaintiff.

### SIXTH CAUSE OF ACTION

### VIOLATION OF:

### (775 ILCS 5/ Illinois Human Rights Act.)

FILED DATE: 1/17/2024 10:24 AM    2023L010176

24.  Plaintiff re-pleads, re-alleges, and incorporates each and every allegation incorporated in this complaint.

(1).  Defendant violated plaintiffs civil rights by pursuing a fraudulent summary judgment and eviction order, in order to conceal and refuse plaintiff dwelling rights with reasonable accommodations by repairs needed.

(2). Defendant further violated plaintiffs civil rights by initially refusing to respond to the safe and health of plaintiff, after CFD and Peoples Gas inspection and reporting of a carbon monoxide leak that occurred on or around November 22, 2022.

(3). Defendant committed further housing discrimination against plaintiff based on him emailing defendants counsel about a LGBTQ assault and rape, which led to plaintiff filing a motion for extension of time (related case no. 23-14215), which requested additional time to file required Chpt 7 bankruptcy documents. Plaintiff filed this motion due to the fact that he was found unresponsive and beaten (on or around November 14, 2023) in his apartment, as well as, other physical and mental painful injuries that plaintiff was trying to heal from. Defendant through Chris S. Wunder appeared and opposed the motion out of hate and harassment. Attached and filed herewith as Exhibit F, is a copy of plaintiffs motion for extension of time in the related bankruptcy proceedings. Defendant appeared on December 6, 2023 to oppose a motion claiming the appearance was based to oppose an automatic stay; however, Hon. David Cleary questioned why the opposition due to the fact that the automatic stay was lifted after 30 days of the filing date. In addition, plaintiffs motion for extension of time never requested to reinforce or add a new automatic stay. Plaintiff believes that defendant intentionally showed up to harass and discriminate against plaintiff because of his rights under LGBTQ laws, as well as, the Illinois Crime Victims Act. In support of plaintiff's allegation of repeated harassment, defendant appeared in this court on December 5, 2023 and claimed to not be under jurisdiction of the court, as well as the documented fact that defendant had not been served, although service was entered on the court transcript. After the plaintiff advised this court that service had been made, the plaintiff was required to provide proof of service. Plaintiff filed proof of service along with a motion to compel defendant to acknowledge it perjured the court and defendant was allowed to respond without evidentiary fact to why it claimed there was no service and within a week, claimed that an employee whom the CCSD served had not worked for defendant for two months prior to service. Plaintiff believes that he has been repeatedly been treated differently and initially he believed it was due to the color of his skin, which was based on statistical research he read about disparity against Black Americans in the criminal court system of Cook County. Plaintiff has noticed the difference between Federal and State court decisions handed down in reference to the law and municipal division. In the municipal division, 100% of plaintiff pleadings have been denied since he became a pro-se litigant; whereas those pleadings where not denied based on in law, which violates plaintiffs rights under the FOURTEENTH AMENDMENT. In the law division cases, the defendant through its counsel has been exposed by the plaintiff for fraud and obstruction of justice by refusing to answer allegations that plaintiff has a right to redress without further retaliation. Defendant has already pre-meditated to file a motion to dismiss this amended complaint, which plaintiff believes to be true, that motion will be a premeditated fraud to avoid answering the allegations and acknowledging the undisputed facts.

### SEVENTH CAUSE OF ACTION

### VIOLATION OF:

### (765 ILCS 705/720  Retaliatory Eviction Act.)

FILED DATE: 1/17/2024 10:24 AM   2023L010176

25.  Plaintiff re-pleads, re-alleges, and incorporates each and every allegation incorporated in this complaint.

(1).  Defendant has at all times and intentionally committed obstruction of justice, in order to conceal the fact that defendant has repeatedly harassed plaintiff with retaliatory actions, in an effort to unlawfully remove him from his home while he was under a bonafide lease agreement.

### EIGHTH CAUSE OF ACTION
### *VIOLATION OF:*
### *(215 ILCS 5/423 Unfair Competition Act.)*

26.  Plaintiff re-pleads, re-alleges, and incorporates each and every allegation incorporated in this complaint.

(1).  Defendant along with its counsel, has repeatedly engaged and  subjected plaintiff to deceptive actions with a means to harm, destroy, and derail plaintiffs attempts to seek equality and justice.

### NINTH CAUSE OF ACTION
### *VIOLATION OF:*
### *(215 ILCS 5/154.6Unfair Competition Act.)*

27.  Plaintiff re-pleads, re-alleges, and incorporates each and every allegation incorporated in this complaint.

(1). Defendant intentionally, and out of retaliation, refused to properly submit back injury claim to its risk management claims examiner for a fair review of plaintiffs physical injuries. Defendant further deceived plaintiff into thinking his nude photos of his injuries, along with his urgent care report was professionally reviewed and plaintiff believes this to be true based on Bryan Cullers email response to documents submitted.

### TENTH CAUSE OF ACTION
### *VIOLATION OF:*
### *(IIED Mental Anguish Statute.)*

28. Plaintiff re-pleads, re-alleges, and incorporates each and every allegation incorporated in this complaint.

Defendant and its counsel actions against plaintiff supersede the legal definition of **IIED Mental Anguish Statute. which is "A cause of action for intentional infliction of emotional distress must be premised on conduct that is so extreme and outrageous that it goes beyond all**

FILED DATE: 1/17/2024 10:24 AM    2023L010176

**possible bounds of decency".**

Plaintiff's proof of intentional infliction of mental anguish is supported by every allegation and evidentiary fact in this filing, as well as, Federal and State filings in all related cases mentioned within this complaint.

28. The foregoing acts and omissions of defendants and its counsel is a direct violation of plaintiff's rights under all previously mentioned Illinois Statutes. Plaintiff reiterates that the conduct was not only egregious, the conduct constitutes a force of hate and is borderline criminal.

## ***PRAYER FOR RELIEF***

WHEREFORE, plaintiff prays for judgment as follows:

1). Judgment in favor of plaintiff for statutory damages for violation of plaintiff's rights under each foregoing ILCS statute mentioned in this complaint and referenced in causes of actions 1-7.

2). Judgment in favor of plaintiff for monetary damages, due to intentional tort, in the sum of 7.5 million dollars for intentionally inflicting emotional anguish on plaintiff, as well as, intentionally inflicting emotional anguish after defendant was notified of plaintiff's mental health diagnosis related to severe trauma.

3. A judgment in favor of plaintiff, pursuant to Illinois Supreme Ct. Rule 137, Whereas, this court can impose sanctions against defendants and counsel for defending himself (backdated to January 2023), against frivolous and malicious litigation.

4. A cease and desist order against the defendant and its counsel for further malicious conduct and abuse of process court hearings.

5. Such further relief as the Court deems fit and proper.

## ***DEMAND FOR JURY TRIAL***

Plaintiff demands a trial by Jury as to ALL preliminary allegations and causes of actions 1-10 listed in this complaint, as well as, civil fraud, repeated harassment, and fraud upon the court.

FILED DATE: 1/17/2024 10:24 AM  2023L010176

Respectfully,

DATED: January 15, 2024                    BY: /s/ Kevin Farmer

Kevin Farmer

801 E. Drexel Square, #2J
Chicago, Il 60615
email:knf525625@gmail.com
Cell: 872-777-0922

Hearing Date: No hearing scheduled
Location: <<CourtRoomNumber>>
Judge: Calendar, I

FILED DATE: 1/24/2024 2:40 PM  2023L010176

FILED
1/24/2024 2:40 PM
IRIS Y. MARTINEZ
CIRCUIT CLERK
COOK COUNTY, IL
2023L010176
Calendar, I
26108624

**IN THE CIRCUIT COURT OF COOK COUNTY, ILLINOIS
COUNTY DEPARTMENT, LAW DIVISION**

| | |
|---|---|
| KEVIN FARMER, | ) |
| | ) |
| Plaintiff, | ) |
| v. | ) Case No.   2023 L 10176 |
| | ) |
| PANGEA VENTURES, LLC, | ) |
| | ) |
| Defendant. | ) |

### § 2-619.1 MOTION TO DISMISS PLAINTIFF'S COMPLAINT

Defendant Pangea Ventures, LLC ("Pangea"), through its attorneys, Kaplan & Gournis, P.C., for its combined § 2-619.1 motion to dismiss Plaintiff Kevin Farmer's ("Farmer") first amended complaint (the "FAC" or "Complaint"), attached as Exhibit 1, states:

### INTRODUCTION

On November 7, 2022, Pangea filed an eviction complaint for possession to evict Farmer for non-payment of rent, Case No. 2022 M1 717471 (the "Eviction Case"). Since that time, Farmer has accused Pangea, its counsel, various judges (both federal and state), a judge's clerk, law students at Northwestern University, a supervising attorney at the Bluhm Legal Clinic, and attorneys for Northwestern University of conspiring against him. According to Farmer, the alleged impetus for this far-reaching conspiracy against him is a convoluted mixture of race/disability/sexual orientation discrimination, unethical conduct, professional misconduct, criminal conduct, fraud, obstruction of justice, and similar unfounded charges. Farmer's Complaint is only the most recent example of his fury directed at those that Farmer believes have wronged him. Farmer's Complaint should be dismissed pursuant to 2-619.1 because: (1) Farmer lacks standing to pursue the claims asserted in his Complaint; (2) Farmer's alleged federal claims are barred by *res judicata*; and (3) Farmer's claims (Counts I-X) are all legally insufficient.

FILED DATE: 1/24/2024 2:40 PM 2023L010176

## **BACKGROUND**

Farmer is an unrepentant serial filer who has abused the legal system and wasted precious resources since Pangea filed the Eviction Case against him. Farmer has a penchant for taking a simple matter—such as eviction—and then, as he repeatedly recycles his baseless claims alleging misconduct in his new cases, he adds layer upon layer of meritless gibberish as his claims and conspiratorial allegations only multiply along with his pleadings. For this reason, it is important for the court to understand the background of Farmer and Pangea's various proceedings.

### I. **The Eviction Case**

Pangea filed the Eviction Case against Farmer for non-payment of rent. A copy of the complaint in the Eviction Case is attached as Exhibit 2. Based on Farmer's indigency, law students and a managing attorney for the Bluhm Legal Clinic ("Bluhm") with Northwestern University initially represented Farmer in the Eviction Case. On February 16, 2023, Bluhm withdrew as counsel for Farmer. Subsequently, Farmer, as a *pro se*, began filing counterclaims alleging a conspiracy between Pangea and Bluhm. There has never been any evidence of any imagined conspiracy between Pangea and Bluhm. In the Eviction Case, Farmer also sought to substitute Judge Ryan for cause from the case due to his alleged bias against Farmer. The motion was stricken. The Eviction Case is still pending. The case has been repeatedly stayed due to Farmer's various filings in District Court and Bankruptcy Court.

### II. **The First Law Division Case**

On February 28, 2023, Farmer filed a complaint in the law division of the Circuit Court of Cook County, Illinois, Case No. 2023 L 2052 (the "First Law Division Case") alleging fraud, perjury, retaliation, abuse of process, and intentional infliction of emotional distress against Pangea

2

and Bluhm. A copy of the complaint is attached as Exhibit 3. The complaint details an alleged conspiracy between Pangea and law students working for Bluhm to deprive Farmer of his rights, which is—quite obviously—untrue.

On May 2, 2023, Judge Bartkowicz granted Pangea and Bluhm an extension of time to file their respective motions to dismiss. Farmer took exception to this ruling, later emailing Judge Bartkowicz in a tirade that he was discriminating against Farmer because Farmer is African-American (but of course Farmer used much more charged language). Farmer also accused Judge Bartkowicz's law clerk of violating his constitutional rights by doing her job.

In the First Law Division Case, Farmer filed six (6) motions to consolidate the Eviction Case and First Law Division Case, which were all denied, stricken or withdrawn. Farmer filed three (3) successive motions for summary judgment against Pangea while also filing amended complaints without leave of court.

After spewing his vitriol at Judge Bartkowicz and Judge Bartkowicz's law clerk, Farmer took a substitution of judge. Farmer voluntarily dismissed the case after the reassignment.

### III.    The First Bankruptcy Case

The Eviction Case was set for trial on June 6, 2023. On May 9, 2023, Farmer filed for bankruptcy protection, Case No. 23-06135 (the "First Bankruptcy Case"). The Eviction Case was stayed due to the First Bankruptcy Case. On July 31, 2023, the First Bankruptcy Case was dismissed on the Trustee's motion for Farmer's unreasonable delay in the case.

### IV.    The First Federal Case

On May 12, 2023, Farmer filed his first notice of removal of the First Law Division Case and the Eviction Case, resulting in a new federal case, Case No. 23-cv-3000, in the Northern

3

District of Illinois (the "First Federal Case"). On July 14, 2023, Farmer filed a motion to disqualify

the Honorable Judge Jorge Alonso from the First Federal Case for "bias and discriminatory

actions." Farmer then claimed that he was an "enemy of the state" while reporting Pangea's

counsel to Chief Judge Rebecca Pallmeyer, the United States Attorney General, and the Illinois

Attorney General's Office for alleged misconduct (although it is not clear what the alleged

misconduct was). In a follow-up email, Farmer emailed Pangea's counsel that:

> I want 5.25 million dollars. This is only going to go up. Ive also filed a question
> under rule 5.1. As I told you verbally yesterday that these hearings and ruling
> subliminally calls me a stupid nigger with no rights. VIRAL!
>
> Do not send me anything unless you have the settlement docs for 5.25 million and
> I will also send wire. Cc eeoc

Copies of these emails with attachments from Farmer are attached as Exhibit 4.

In a later filing, Farmer accused Pangea's counsel of various "hate crimes" and

conspiracies. Farmer then accused Pangea's counsel and Bluhm's counsel of acting in concert

with the ARDC to ignore his complaints of misconduct. Farmer also alleged that Pangea's

undersigned counsel has ties to the Illinois Department of Housing and the EEOC and somehow

influenced these entities to halt their investigations of his complaints. Of course, there has never

been any evidence to support Farmer's allegations (because the allegations are false).

On August 30, 2023, the court dismissed the First Federal Case for lack of jurisdiction and

remanded the First Law Division Case and Eviction Case back to state court. Farmer appealed the

dismissal, which is currently pending before the Seventh Circuit Court of Appeals.

**V.**    **The Second Federal Case**

On August 22, 2023, Farmer filed a direct action against Pangea in *Farmer v. Pangea, et*

*al.*, Case No. 23-cv-5870, before the Honorable Judge Matthew Kennelly (the "Second Federal

4

FILED DATE: 1/24/2024 2:40 PM    2023L010176

Case"). A copy of Farmer's complaint in the Second Federal Case is attached as Exhibit 5. In the Second Federal Case, Farmer attempted to plead various federal and state claims against Pangea and Bluhm related to an alleged conspiracy between the parties and the alleged actions of their counsel related to their defense of the two cases.

Undeterred by Judge's Alonso's remand on August 30, 2023, on September 5, 2023 Farmer filed another notice of removal, attempting to remove the Eviction Case again, yet this time to remove the Eviction Case into the Second Federal Case.

On September 25, 2023, after screening Farmer's complaint and notice of removal, the court dismissed Farmer's federal claims in the Second Federal Case <u>with prejudice</u>, dismissed his state law claims without prejudice, and struck his notice of removal. A copy of Judge Kennelly's order dismissing the federal claims with prejudice is attached as Exhibit 6. Farmer appealed this order. The Seventh Circuit dismissed Farmer's appeal on November 9, 2023.

VI.   **The Second Bankruptcy Case**

On September 28, 2023, with the First Bankruptcy Case dismissed and the Eviction Case remanded by the District Court, the trial court in the Eviction Case was able to again set the matter for trial. The court set the Eviction Case for trial on November 21, 2023 and scheduled argument on Pangea's motion for summary judgment for November 16, 2023.

On October 24, 2023, with the pending trial date, Farmer filed for bankruptcy protection again in Case No. 23-14215 (the "Second Bankruptcy Case"). On its own motion, the court dismissed the Second Bankruptcy Case on December 20, 2023.

VII.   **The Third Federal Case**

5

FILED DATE: 1/24/2024 2:40 PM   2023L010176

FILED DATE: 1/24/2024 2:40 PM   2023L010176

To ensure that the Eviction Case did not reach trial or a hearing on Pangea's motion for summary judgment, Farmer—yet again for the third time—filed a notice to remove the Eviction Case to federal court on October 27, 2023. This attempted removal resulted in a third federal case, Case No. 23-cv-15401 (the "Third Federal Case"). Pangea's motion to remand the Eviction Case (for the third time) and for sanctions has been fully briefed and is awaiting a decision from the District Court. The Eviction Case has been stayed pending this latest removal notice.

### VIII.   The Third Bankruptcy Case

On December 22, 2023, a mere two days after his Second Bankruptcy Case was dismissed, Farmer filed for bankruptcy protection again in Case No. 23-17192 (the "Third Bankruptcy Case"). Farmer's pending bankruptcy petition in the Third Bankruptcy Case is attached as Exhibit 7. In all, this was Farmer's seventh time filing for bankruptcy, and the third time in 2023 alone. Pangea filed a motion to lift the stay to proceed with the Eviction Case, which was granted by the court on January 24, 2024. The trustee has already filed a motion to dismiss the Third Bankruptcy Case, set for hearing on January 31, 2024.

### IX.   The Second Law Division Case

On October 5, 2023, Farmer filed the instant second law division case, *Farmer v. Pangea Ventures, et al.*, 23 L 10176 (the "Second Law Division Case"). In his original complaint, Farmer sought $8,000,000.00 in damages against Pangea and Bluhm related to his various conspiratorial allegations. It appears that this case is Farmer's refiling of the First Law Division Case. Not to be deterred by the prior denials/striking of his motions to consolidate in the First Law Division Case, Farmer has already filed two more motions with this court to consolidate this case with the Eviction Case. Farmer does not take no—even when it comes from a judge—for an answer.

6

FILED DATE: 1/24/2024 2:40 PM    2023L010176

On January 17, 2024, Farmer filed his Amended Complaint against only Pangea, which is the subject of this Motion. True to form, on January 22, 2024, Farmer filed a motion for substitution of judge (from the Honorable Judge Curry) in this Second Law Division Case indicating that the court has "intentionally discriminated against" him. In all, this court is now the fourth judge that Farmer has accused of discrimination. The court should put an end to Farmer's calculated attempts to create judicial chaos and to abuse the system. Farmer's actions establish that he has no respect for the orders or authority of this or any court.

## ARGUMENT

### Dismissal Under 2-619

A section 2-619 proceeding permits a dismissal after the trial court considers issues of law or easily proven issues of fact. *Krilich v. Am. Nat'l Bank & Trust Co.*, 334 Ill. App. 3d 563, 570 (2d Dist. 2002). A plaintiff's lack of standing to pursue a claim is an affirmative matter under 2-619(a)(9). *Res judicata* is a proper reason for dismissal pursuant to 2-619(a)(4). In deciding a 2-619 motion, a court may take judicial notice of court decisions and pleadings from other cases involving the plaintiff. *Kramer v. Dirksen*, 296 Ill. App. 3d 819, 821 (1st Dist. 1998).

**I.    Farmer Lacks Standing to Pursue This Case Because it Belongs to his Estate**

Standing requires that issues in cases are raised only by those parties with a real interest in the outcome of the controversy. *See, e.g., Raintree Homes, Inc. v. Village of Long Grove*, 209 Ill. 2d 248, 262 (2004). Standing requires some injury in fact to a legally cognizable interest. *Glazewski v. Coronet Ins. Co.*, 108 Ill. 2d 243, 254 (1985).

When a party files bankruptcy, all of his "legal and equitable interests . . . in property" as of the filing of the bankruptcy case become property of the estate. 11 U.S.C. § 541(a)(1). Claims

7

FILED DATE: 1/24/2024 2:40 PM   2023L010176

that arise before a debtor files bankruptcy follow the estate. *In re Polis*, 217 F.3d 899, 901-02 (7th Cir. 2000). The Bankruptcy Trustee, as representative of the estate, has the exclusive power to prosecute claims. 11 U.S.C. § 323(b); *Biesek v. Soo Line R.R. Co.*, 440 F.3d 410, 413 (7th Cir. 2006); *Cable v. Ivy Tech. State Coll.*, 200 F.3d 467, 472 (7th Cir. 1999); *In re New Era, Inc.*, 135 F.3d 1206, 1209 (7th Cir. 1998). The Bankruptcy Code defines "claim" broadly as any right to payment, whether or not such right is reduced to judgment, unliquidated, contingent, disputed, legal, equitable, and any other right to an equitable remedy for payment. 11 U.S.C. § 101(5).

In light of Farmer's Third Bankruptcy Case filed on December 22, 2023, this case is clearly a claim under the Bankruptcy Code. As a result, the Trustee is vested with exclusive authority to prosecute this case. Farmer is not the Trustee; as a result, Farmer lacks standing to pursue this matter. The court should dismiss this matter under 2-619(a)(9).

## II.   Farmer's Constitutional Claims are Barred by *Res Judicata*

A final judgment rendered on the merits is a bar to a subsequent suit between the parties or their privities involving the same transaction. *Cooney v. Rossiter*, 2012 IL 113227, ¶ 18; *River Park, Inc. v. City of Highland Park*, 184 Ill. 2d 290, 302 (1998). Illinois follows the more liberal transactional test for determining whether claims are identical, and claims are considered part of the same cause of action even if there is not a substantial overlap of evidence, so long as they arise from the same transaction. *River Park*, 184 Ill. 2d at 311.

Here, Farmer's Complaint references Pangea allegedly violating federal law and his civil rights under the US Constitution/Fourteenth Amendment. (Compl., Statement of Claims; ¶ 18; ¶ 20(2); ¶ 24(3).) However, these alleged federal claims were already decided when Judge Kennelly dismissed Farmer's federal claims with prejudice. Farmer even appealed this order,

8

FILED DATE: 1/24/2024 2:40 PM   2023L010176

and the appeal was dismissed on November 9, 2023.

*Res judicata* clearly bars Farmer from asserting any federal claims in this matter because Judge Kennelly already decided these issues and entered a final judgment dismissing the claims with prejudice in the Second Federal Case.

## Dismissal Under 2-615

Dismissal under 2-615 is also appropriate. Section 2-615 provides for dismissal of a defective pleading when it is substantially insufficient in law. 735 ILCS 5/2-615. Since Illinois is a fact-pleading jurisdiction, a plaintiff must allege with particularity the facts that establish each and every element of the cause of action asserted. *Teter v. Clemens*, 112 Ill. 2d 252, 256 (1986).

Where the grounds for a 2-619 motion to dismiss appear on the face of a complaint, the motion falls "within the area of confluence" between 2-615 and 2-619 and the appropriate motion to file is a 2-615 motion to dismiss. *Storm & Associates, Ltd. v. Cuculich*, 298 Ill. App. 3d 1040, 1047 (1st Dist. 1998).

I.   **Farmer's Claim for Violations of the Attorney Act and
     Professional Conduct Rule 8.4 (Count I) is Legally Insufficient**

Farmer has attempted to plead a claim against Pangea (and its counsel) for violations of the Attorney Act and Rule 8.4 of the Rules of Professional Conduct relating to the litigation of the various cases. The Rules of Professional Conduct do not establish a duty or cause of action against a lawyer. *In re Estate of Weber*, 2021 IL App (2d) 200354, ¶¶ 21. Thus, a breach of any Rule of Professional Conduct is only a basis for invoking the disciplinary process, and not a basis for civil liability. *Id.*; Ill. R. Prof'l Conduct, Scope ¶ 20. Likewise, an adversary does not have a private cause of action against an attorney pursuant to the Attorney Act because the purpose of the Attorney Act is only to require a license to practice law in Illinois. 705 ILCS 205/1, *et seq.*; *Clark*

FILED DATE: 1/24/2024 2:40 PM   2023L010176

*v. Gannett Co., Inc.*, 2018 IL App (1st) 172041, ¶ 73. The only cause of action under the Attorney

Act is a claim by a licensed attorney against an unlicensed attorney.  *Id.*  Farmer is not alleging

that Pangea's counsel is unlicensed and there is not a cause of action for violating Rule 8.4.  These

claims are legally insufficient.  The court should dismiss Count I with prejudice.

**II.       Farmer's Claim for Violation of the Illinois Domestic
            Rights Violence Act (Count II) is Legally Insufficient**

Farmer has cited "705 ILCS 60/103-9" for his second cause of action.  The cited authority

is for a non-existent section of the Qualifications of Judges Act.  Farmer presumably transposed

his numbers, and meant to reference the Illinois Domestic Rights Violence Act of 1986, 750 ILCS

60/103-9.  Unfortunately for Farmer, his alleged cause of action under this statute also fails because

this is not a domestic violence case, Farmer is not seeking an order of protection against domestic

violence, and Farmer is not attempting to plead a claim against law enforcement officers for failing

to protect a victim of domestic violence.  *Taylor v. City of Chicago*, 2024 IL App (1st) 221232, ¶¶

57-59; *Calloway v. Kinkelaar*, 168 Ill. 2d 312, 320-23 (1995).  Farmer has also not alleged a claim

against Pangea under this Act because Farmer has not alleged that he is a "person abused by a

family or household member."  *Calloway*, 168 Ill. 2d at 320.  Count II is therefore legally

insufficient and should be dismissed with prejudice.

**III.      Farmer's Claim for Abuse of Process (Count III) is Legally Insufficient**

Abuse of process claims are disfavored in Illinois.  *Neurosurgery & Spine Surgery, S.C. v.
Goldman*, 339 Ill. App. 3d 177, 182 (2d Dist. 2003).  Due to its disfavored status, a court must

strictly construe the two elements of an abuse of process claim: (1) an ulterior purpose; and (2) an

improper act in the use of legal process not proper in the regular prosecution of proceedings.

*Kumar v. Borstein*, 354 Ill. App. 3d 159, 165 (2d Dist. 2004).  The second element requires that

FILED DATE: 1/24/2024 2:40 PM    2023L010176

the defendant use the process "to accomplish some result which is beyond the purview of the process." *Id.* When process is used for its intended purpose, then there can be no abuse of process, even if an ulterior purpose or motive is shown. *See, e.g., Reed v. Doctor's Associates, Inc.*, 355 Ill .app. 3d 865, 875-76 (5th Dist. 2005)(holding that mere use of legal process, even with malicious intent, does not constitute abuse of process).

Process is the means used by the court to acquire or to exercise jurisdiction over a person or specific property. *Kumar*, 354 Ill. App. 3d at 165. Actions solely undertaken by a party are not process because "[p]rocess is issued by the court, under its official seal." *Comm. Nat. Bank in Monmouth v. McCrery*, 156 Ill. App. 3d 580, 583 (3d Dist. 1987). For this reason, instituting proceedings is not considered an abuse of process. *Id.; Neurosurgery*, 339 Ill. App. 3d at 183; *see Kirchner v. Greene*, 294 Ill. App. 3d 672, 683-84 (1st Dist. 1998).

Importantly, abuse of process "has been generally defined by the courts of Illinois as existing only in instances in which plaintiff has suffered **an actual arrest or seizure of property**." *Edelson PC v. Bandas Law Firm PC*, No. 16-c-11057, 2018 WL 3496085, *9 (N.D. Ill. July 20, 2018)(emphasis added). As a result, the failure to allege an arrest or seizure is fatal to abuse of process claims. *Id.* (citing *Holiday Magic, Inc. v. Scott*, 4 Ill. App. 3d 962, 969 (1st Dist. 1972); Neurosurgery, 339 Ill. App. 3d at 184; Stoller *v. Johnson*, 2017 IL App (1st) 161613-U, ¶ 36).

Here, Farmer alleges that Pangea's summary judgment motion in the Eviction Case is the product of abuse of process and then Farmer broadly alleges that all of Pangea's pleadings, appearances, and statements are an abuse of process. Farmer has failed to allege any arrest or seizure required for an abuse of process claim. Farmer's abuse of process claim fails for this initial reason. Farmer's allegations are also legally insufficient because he fails to plead any actual

FILED DATE: 1/24/2024 2:40 PM    2023L010176

"process" that was beyond the "purview" of the Eviction Case as a summary judgment motion is well within the eviction court's purview. The claim fails for this additional reason. At most, Farmer has alleged that he disagrees with the merits of Pangea's Eviction Case and Pangea's decision to seek summary judgment. This is not an abuse of process. *Forza Tech. v. Premier Research Labs, LP*, 2015 IL App (1st) 142640, ¶ 4. The court should dismiss the abuse of process claim with prejudice pursuant to 735 ILCS 5/2-615.

**IV.    Farmer's Claim Under the Frauds Act (Count IV) is Legally Insufficient**

Farmer alleges a claim under the Frauds Act, 740 ILCS 80/1, *et seq*. The Frauds Act is not a cause of action. Rather, it is an "evidentiary safeguard" and rule of evidence related to the statute of frauds. *Church Yard Commons LP v. Podmajersky, Inc.*, 2017 IL App (1st) 161152, ¶ 26. The court should dismiss Farmer's alleged claim under the Frauds Act with prejudice.

**V.    Farmer's Civil Conspiracy Claim (Count V) is Legally Insufficient**

Farmer alleges that Pangea violated the Criminal Civil Conspiracy Act, 720 ILCS 5/8-2.1. This is not a criminal court; as a result, the claim is legally insufficient. Moreover, even *assuming arguendo* that Farmer is attempting to allege a civil conspiracy at common law, Farmer has nevertheless failed to establish the claim because he fails to allege facts supporting the requisite conspiratorial agreement or an alleged tort in furtherance of an alleged agreement. *McClure v. Owens Corning Fiberglas Corp.*, 720 N.E.2d 242, 258 (1999). Farmer's conspiracy claim also fails because Farmer's allegations of an independent cause of action underlying the conspiracy do not survive this motion (for the reasons set forth in this motion). *Coghlan v. Beck*, 984 N.E.2d 132, 151 (1st Dist. 2013). The court should dismiss the conspiracy claim with prejudice.

12

FILED DATE: 1/24/2024 2:40 PM   2023L010176

## VI.   Farmer's Human Rights Act Claim (Count VI) is Legally Insufficient

The crux of Plaintiff's Human Rights Act allegations is that Pangea and its counsel have taken discriminatory steps against him in this litigation relating to moving for summary judgment, opposing his motion for an extension of time, and by not returning his emails.

Farmer may not like the way Pangea has litigated the myriad cases with him, but Pangea and its counsel's actions in the legal proceedings have nothing to do with a "real estate transaction" as defined by the Illinois Human Rights Act. 775 ILCS 5/3-101. As a result, Pangea and its counsel's litigation tactics are not Civil Rights Violations as provided by 775 ILCS 5/3-102.

The court should dismiss Farmer's Human Rights Act claim for housing discrimination with prejudice.

## VII.   Farmer's Retaliatory Eviction Claim (Count VII) is Legally Insufficient

To survive a motion to dismiss, a plaintiff alleging retaliatory eviction must plead facts establishing: (1) the tenant made complaints to a government authority; (2) violations were found; (3) the landlord was notified of the violations; and (4) the tenancy was terminated solely because of the tenant's complaints. *Shelby Cty. Housing Auth. v. Thornell*, 144 Ill. App. 3d 71, 75 (1st Dist. 1986). A claim for retaliatory eviction requires, as the name implies, that an actual eviction has taken place. *Ross Mgmt. v. Midland Management Co.*, No. 02-c-8190, 2003 WL 21801023, *5 (N.D. Ill. Aug. 1, 2003).

Farmer's retaliatory eviction claim is legally insufficient because Farmer fails to plead facts establishing that any actual violations were found, Farmer fails to plead the alleged code/law that Pangea allegedly violated, and Farmer has not yet been evicted.

13

FILED DATE: 1/24/2024 2:40 PM    2023L010176

The court should dismiss the claim with prejudice pursuant to 735 ILCS 5/2-615.

**VIII.**  **Farmer's Unfair Competition Claims (Counts VIII and IX) are Legally Insufficient**

Farmer alleges two claims in this Complaint against Pangea for "Unfair Competition" under the Illinois Insurance Code. This is a case premised on a landlord-tenant relationship, not on an insurance relationship. The court should dismiss this claim.

Liability premised on 215 ILCS 5/154.6, one of the statutes cited by Farmer, is only applicable to a "Company," which is defined as "an insurance or surety company." 215 ILCS 5/2. Pangea is neither an insurance company nor is Pangea a surety company. The cited statute is inapplicable. Section 423 of the Insurance Code, also cited by Farmer, is inapplicable because this provision only applies to companies engaged in the business of insurance. 215 ILCS 5/422. Pangea is not engaged in the business of insurance. Consequently, Farmer's unfair competition claims should be dismissed with prejudice.

**IX.**  **Farmer's IIED Claim (Count X) is Legally Insufficient**

The threshold for extreme and outrageous conduct is high. *See Hayes v. Illinois Power Co.*, 225 Ill. App. 3d 819 (4th Dist. 1992). Liability does not extend to mere insults, indignities, threats, annoyances, petty oppressions or trivialities that are part of the costs of complex society from which the law provides no protection. *Id.* Indeed, it is not enough that a defendant has acted with an intent which is tortious or even criminal, or that he has intended to inflict emotional distress, or even that his conduct has been malicious. *Public Finance Corp. v. Davis*, 66 Ill. 2d 85 (1976). Liability has only been found where conduct has been so extreme and outrageous in character, and so extreme in degree, as to go beyond all bounds of decency. *Id.*

14

FILED DATE: 1/24/2024 2:40 PM   2023L010176

In this matter, Farmer has failed to plead facts establishing IIED under Illinois law. *See Anast v. Commonwealth Apts.*, 956 F. Supp. 792, 803 (N.D. Ill. 1997)(dismissing IIED claim where mentally ill tenant was evicted and put under extreme stress during her tenancy and during the eviction process requiring her hospitalization on several occasions).  The court should dismiss the IIED claim with prejudice because it is legally insufficient.

## CONCLUSION

For the foregoing reasons, Defendants request that the court dismiss the Complaint with prejudice.

WHEREFORE Defendant Pangea Ventures, LLC requests that the court dismiss Plaintiff Kevin Farmer's Complaint with prejudice, and for all other relief that is just and appropriate.

Respectfully submitted,

PANGEA VENTURES, LLC,

_____/s/ Chris S. Wunder_____
Chris S. Wunder (cwunder@kpglaw.com)
KAPLAN & GOURNIS, P.C. (#36826)
180 North LaSalle Street
Suite 2108
Chicago, Illinois 60601
(312) 726-0531

15

B1040 (FORM 1040) (12/15)

| ADVERSARY PROCEEDING COVER SHEET<br>(Instructions on Reverse) | ADVERSARY PROCEEDING NUMBER<br>(Court Use Only) |
|---|---|

| PLAINTIFFS Kevin FARMER | DEFENDANTS Pangea Ventures LLC. |
|---|---|

| ATTORNEYS (Firm Name, Address, and Telephone No.)<br>Pro Se | ATTORNEYS (If Known)<br>CHRIS WUNDER |
|---|---|

| PARTY (Check One Box Only) | PARTY (Check One Box Only) |
|---|---|
| ☒ Debtor        ☐ U.S. Trustee/Bankruptcy Admin<br>☐ Creditor      ☐ Other<br>☐ Trustee | ☐ Debtor        ☐ U.S. Trustee/Bankruptcy Admin<br>☒ Creditor      ☐ Other<br>☐ Trustee |

**CAUSE OF ACTION** (WRITE A BRIEF STATEMENT OF CAUSE OF ACTION, INCLUDING ALL U.S. STATUTES INVOLVED)

Retaliation, Retaliatory pending Eviction.

## NATURE OF SUIT
(Number up to five (5) boxes starting with lead cause of action as 1, first alternative cause as 2, second alternative cause as 3, etc.)

**FRBP 7001(1) – Recovery of Money/Property**
☐ 11-Recovery of money/property - §542 turnover of property
☐ 12-Recovery of money/property - §547 preference
☐ 13-Recovery of money/property - §548 fraudulent transfer
☒ 14-Recovery of money/property - other

**FRBP 7001(2) – Validity, Priority or Extent of Lien**
☐ 21-Validity, priority or extent of lien or other interest in property

**FRBP 7001(3) – Approval of Sale of Property**
☐ 31-Approval of sale of property of estate and of a co-owner - §363(h)

**FRBP 7001(4) – Objection/Revocation of Discharge**
☐ 41-Objection / revocation of discharge - §727(c),(d),(e)

**FRBP 7001(5) – Revocation of Confirmation**
☐ 51-Revocation of confirmation

**FRBP 7001(6) – Dischargeability**
☐ 66-Dischargeability - §523(a)(1),(14),(14A) priority tax claims
☐ 62-Dischargeability - §523(a)(2), false pretenses, false representation, actual fraud
☐ 67-Dischargeability - §523(a)(4), fraud as fiduciary, embezzlement, larceny

(continued next column)

**FRBP 7001(6) – Dischargeability (continued)**
☐ 61-Dischargeability - §523(a)(5), domestic support
☐ 68-Dischargeability - §523(a)(6), willful and malicious injury
☐ 63-Dischargeability - §523(a)(8), student loan
☐ 64-Dischargeability - §523(a)(15), divorce or separation obligation (other than domestic support)
☐ 65-Dischargeability - other

**FRBP 7001(7) – Injunctive Relief**
☐ 71-Injunctive relief – imposition of stay
☐ 72-Injunctive relief – other

**FRBP 7001(8) Subordination of Claim or Interest**
☐ 81-Subordination of claim or interest

**FRBP 7001(9) Declaratory Judgment**
☐ 91-Declaratory judgment

**FRBP 7001(10) Determination of Removed Action**
☒ 01-Determination of removed claim or cause

**Other**
☐ SS-SIPA Case – 15 U.S.C. §§78aaa et.seq.
☐ 02-Other (e.g. other actions that would have been brought in state court if unrelated to bankruptcy case)

FILED
UNITED STATES BANKRUPTCY COURT
NORTHERN DISTRICT OF ILLINOIS
JAN 26 2024
JEFFREY P. ALLSTEADT, CLERK

| ☐ Check if this case involves a substantive issue of state law | ☐ Check if this is asserted to be a class action under FRCP 23 |
|---|---|
| ☒ Check if a jury trial is demanded in complaint | Demand $ 8,000,000.00 |
| Other Relief Sought<br>6 mos possession of premises. | |

B1040 (FORM 1040) (12/15)

| BANKRUPTCY CASE IN WHICH THIS ADVERSARY PROCEEDING ARISES | | |
|---|---|---|
| NAME OF DEBTOR *Kevin Farmer* | BANKRUPTCY CASE NO. *23-17192* | |
| DISTRICT IN WHICH CASE IS PENDING *Cook County Courts* | DIVISION OFFICE *Law* | NAME OF JUDGE *Curry* |
| RELATED ADVERSARY PROCEEDING (IF ANY) | | |
| PLAINTIFF *Pangea Ventures LLC* | DEFENDANT *Kevin Farmer* | ADVERSARY PROCEEDING NO. *2022 M1 717471* |
| DISTRICT IN WHICH ADVERSARY IS PENDING *Cook County Courts* | DIVISION OFFICE *Municipal* | NAME OF JUDGE *Ryan* |
| SIGNATURE OF ATTORNEY (OR PLAINTIFF) | | |
| DATE *1-26-24* | PRINT NAME OF ATTORNEY (OR PLAINTIFF) *Kevin Farmer* | |

## INSTRUCTIONS

The filing of a bankruptcy case creates an "estate" under the jurisdiction of the bankruptcy court which consists of all of the property of the debtor, wherever that property is located. Because the bankruptcy estate is so extensive and the jurisdiction of the court so broad, there may be lawsuits over the property or property rights of the estate. There also may be lawsuits concerning the debtor's discharge. If such a lawsuit is filed in a bankruptcy court, it is called an adversary proceeding.

A party filing an adversary proceeding must also must complete and file Form 1040, the Adversary Proceeding Cover Sheet, unless the party files the adversary proceeding electronically through the court's Case Management/Electronic Case Filing system (CM/ECF). (CM/ECF captures the information on Form 1040 as part of the filing process.) When completed, the cover sheet summarizes basic information on the adversary proceeding. The clerk of court needs the information to process the adversary proceeding and prepare required statistical reports on court activity.

The cover sheet and the information contained on it do not replace or supplement the filing and service of pleadings or other papers as required by law, the Bankruptcy Rules, or the local rules of court. The cover sheet, which is largely self-explanatory, must be completed by the plaintiff's attorney (or by the plaintiff if the plaintiff is not represented by an attorney). A separate cover sheet must be submitted to the clerk for each complaint filed.

**Plaintiffs** and **Defendants.** Give the names of the plaintiffs and defendants exactly as they appear on the complaint.

**Attorneys.** Give the names and addresses of the attorneys, if known.

**Party.** Check the most appropriate box in the first column for the plaintiffs and the second column for the defendants.

**Demand.** Enter the dollar amount being demanded in the complaint.

**Signature.** This cover sheet must be signed by the attorney of record in the box on the second page of the form. If the plaintiff is represented by a law firm, a member of the firm must sign. If the plaintiff is pro se, that is, not represented by an attorney, the plaintiff must sign.